UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HALCYON ISAAC,

                Plaintiff,

      -against-

MICHAEL SCHIFF, et al.,

                Defendants.
-----------------------------------------------------------X

**ORDER**

21-CV-11078 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Halcyon Isaac ("Plaintiff") brings this action against Sullivan County Sheriff Michael Schiff; Sullivan County Treasurer Nancy Buck; Town of Delaware Town Clerk, Tax Collector, and Registrar Tess McBeath; Town of Delaware Town Justice Erik Nystrom; and Town of Delaware Town Justice Court Clerk Sally Creegan (collectively, "Defendants"). Plaintiff's claims relate to eviction proceedings filed and held in State court in Sullivan County, New York, to remove her from a property located at 37 Serenity Drive, Town of Delaware, NY (the "Property"). Plaintiff filed a Complaint on December 27, 2021, alleging a deprivation of her Fourteenth Amendment due process rights under 42 U.S.C. § 1983 ("§ 1983"). (Doc. 1, "Compl." at 3). Plaintiff requests that the Court "[stop] all eviction proceedings and . . . conduct an evidentiary hearing to determine the degree of damages caused." (*Id.*).

      Plaintiff filed a Proposed Order to Show Cause with Emergency Relief on May 19, 2022 ("OTSC") for a temporary restraining order ("TRO") and preliminary injunction, seeking to "undo" her eviction from the Property which occurred on May 18, 2022. (Doc. 28). Defendants opposed Plaintiff's application on May 24, 2022 (Doc. 32), and the Court held a telephone conference in the matter on May 25, 2022. The Court denied Plaintiff's application for a TRO on the record because Plaintiff was unable to show that she would suffer immediate irreparable injury.

(Doc. 34). The Court, however, signed Plaintiff's OTSC as to the preliminary injunction, and set a briefing schedule therefor. (Docs. 34-35). Defendants opposed the preliminary injunction application on June 2, 2022. (Doc. 36, "Opp. Br."). Plaintiff, on June 14, 2022, filed a motion for reconsideration in lieu of a reply brief (Doc. 41), and Defendants responded thereto on June 16, 2022 (Doc. 38). As such, the application for a preliminary injunction was fully submitted on June 16, 2022.

For the reasons set forth below, Plaintiff's motions for a preliminary injunction and reconsideration are DENIED.

## ANALYSIS

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation omitted). A party seeking a preliminary injunction, in the Second Circuit, generally must establish: (1) the likelihood of irreparable injury in the absence of an order or injunction; (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, plus a balance of hardships tipping decidedly in the movant's favor; and (3) that a preliminary injunction is in the public interest. *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015); *see also Int'l Bus. Machs. Corp. v. De Freitas Lima*, No. 20-CV-04573, 2020 WL 5261336, at *5 (S.D.N.Y. Sept. 3, 2020), *aff'd sub nom. Int'l Bus. Machs. Corp. v. Lima*, 833 F. App'x 911 (2d Cir. 2021)). "The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). "A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act." *Id.* "[T]his distinction

is important because [the Second Circuit has] held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* In other words, the movant is held to heightened standard and must show a "clear" or "substantial" likelihood of success on the merits, and must make a "strong showing" of irreparable harm, in addition to showing that the preliminary injunction is in the public interest. *New York ex rel. Schneiderman*, 787 F.3d at 650 (internal quotations and citations omitted). "The 'clear' or 'substantial' showing requirement—the variation in language does not reflect a variation in meaning—thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success." *Tom Doherty Assocs., Inc.*, 60 F.3d at 34. These elements are not altered for *pro se* litigants. *See e.g., Tolliver v. Jordan*, No. 19-CV-11823, 2021 WL 799236, at *1 (S.D.N.Y. Feb. 26, 2021); *Crichlow v. Annucci*, No. 18-CV-03222, 2020 WL 8620022, at *2 (S.D.N.Y. Sept. 22, 2020). The Court is, however, mindful that "[p]ro se litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks omitted).

Defendants argue that Plaintiff's application for a preliminary injunction fails for three reasons: (i) Plaintiff's request is moot; (ii) Plaintiff's request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283; and (iii) Plaintiff fails to state an actionable deprivation of a property right. (*See generally* Opp. Br.) The Court agrees. Plaintiff's application is barred and she is unable to show a likelihood of success on the merits, let alone a "clear" or "substantial" likelihood of success on the merits.[1]

---

[1] Given the Court's disposition herein, it need not and does not address Defendants' remaining argument as to the *Rooker-Feldman* doctrine.

I.      Mootness

In order to establish a justiciable case or controversy, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167 (2d Cir. 2007). Plaintiff concedes in her OTSC application that she was evicted from the Property on May 18, 2022. (Doc. 28). Plaintiff confirmed, at a conference with the Court on May 25, 2022, that the eviction occurred prior to the commencement of the instant request for a preliminary injunction. A request seeking to undo an eviction by preliminary injunction, after the eviction has already taken place, is moot and, therefore, fails as a matter of law. *Adams v. Standard Fed. Bank*, 371 F. App'x 187, 188 (2d Cir. 2010) ("[Plaintiff] concedes that she has been evicted from these premises. Accordingly, this appeal is moot with respect to [her] motion for a preliminary injunction."); *see also Inkel v. Connecticut*, No. 14-CV-0130, 2015 WL 4067038, at *6 (D. Conn. July 2, 2015) ("[plaintiff] may already have been evicted, in which case his motion [for a preliminary injunction] would . . . be moot."); *Adams v. Loreman*, No. 07-CV-00452, 2012 WL 555095, at *2 (N.D.N.Y. Feb. 21, 2012) ("because [p]laintiff was evicted from the premises in question . . . her [m]otion [for a preliminary injunction] is now moot."). Plaintiff fails to offer any evidence of an ongoing or future injury that could be redressed by the issuance of a preliminary injunction. As such, Plaintiff's application for a preliminary injunction is moot, the Court's "subject matter jurisdiction [has] cease[d]," and the request fails as a matter of law. *Cty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010)

II.     The Anti-Injunction Act

Assuming *arguendo* that Plaintiff's request was not moot—which it is—the relief requested by Plaintiff's OTSC is barred by the Anti-Injunction Act. "A Court of the United States

4

may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As such, "[c]ourts in this Circuit have repeatedly held that the Anti–Injunction Act bars a federal court from enjoining state-court eviction proceedings." *Allen v. N.Y. City Hous. Auth.*, No. 10-CV-00168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases). The Anti-Injunction Act contains three narrow exceptions: (i) authorization by Congress; (ii) necessity to aid jurisdiction; and (iii) protection of judgments. 28 U.S.C. § 2283. Plaintiff does not claim that any of these exceptions are applicable to this case, and the Court's independent analysis has not revealed any applicability of such to the State eviction proceeding. *See Kristopher v. Stone St. Props., LLC*, No. 13-CV-00566, 2013 WL 499752, at *4 (S.D.N.Y. Jan. 29, 2013) (finding none of the Anti-Injunction Act's exceptions applicable to a State eviction proceeding). Plaintiff was evicted in a run-of-the-mill proceeding in State court. The Anti-Injunction Act squarely precludes this Court from enjoining that proceeding.

    III.    <u>Likelihood of Success on the Merits</u>

Plaintiff fails, in any event, to demonstrate a clear or substantial likelihood of success on the merits. Plaintiff alleges in the Complaint a violation of her Fourteenth Amendment Due Process rights. (Compl. at 4). "Where a plaintiff sues a defendant 'to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest.'" *Antonio v. Neighborhood Restore Hous. Dev. Fund Corp.*, No. 19-CV-11084, 2020 WL 1812669, at *5 (S.D.N.Y. Apr. 8, 2020) (quoting *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011)). Plaintiff not only fails to allege that she has any legally cognizable property interest in the Property, but readily admits that "I have no ownership interest in the physical (real) property located at 37 Serenity Drive Sullivan County

5

New York State." (Doc. 27 at 3). Such an admission all but forecloses a due process claim under § 1983. *Antonio*, 2020 WL 1812669, at *5 ("[Plaintiff] has no legal right to reside in the apartment, and therefore cannot assert a cognizable property interest in the continued occupancy of the apartment that would implicate due process."). Even assuming Plaintiff had a possessory interest in the Property, her due process claim would not succeed because she, in fact, got all the process she was due in the eviction proceeding. The law is clear: "even if Plaintiff had a property interest that implicated due process, the state-court eviction action provided her with an adequate remedy to challenge the eviction." *Id.* Accordingly, Plaintiff has not met and cannot meet her burden of establishing a likelihood of success on the merits, let alone a clear or substantial showing.

IV. The Motion for Reconsideration

As noted *supra*, on the date her reply brief in further support of the application preliminary injunction was due, Plaintiff filed instead a motion for reconsideration. (Doc. 41). Therein, Plaintiff stated that "[t]his Motion for Reconsideration is also being made due to the fact that a dispositive/summary judgment as was executed by the Town of Delaware, justice court, is a violation a/k/a rebellion against the U.S. Constitution." (*Id.* at 1). To the extent Plaintiff seeks reconsideration of a State court decision, that request is improperly made in this Court. No mechanism exists that would permit this Court to reconsider State court decisions.

To the extent Plaintiff seeks reconsideration of any of this Court's Orders, such as the denial of Plaintiff's TRO application, her motion is untimely. Local Civil Rule 6.3 requires motions for reconsideration to be filed within fourteen (14) days of the decision in question. The most recent Court Order was issued on May 25, 2022, denying Plaintiff's TRO. The time to move

to reconsider, therefore, expired on June 8, 2022. Plaintiff's motion for reconsideration is, accordingly, denied.[2]

## CONCLUSION

Plaintiff's application for a preliminary injunction is DENIED. Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion sequences pending at Doc. 37 and Doc. 41.

**SO ORDERED:**

Dated:  White Plains, New York
        August 11, 2022

_____
Philip M. Halpern
United States District Judge

---

[2] Even if Plaintiff's motion for reconsideration was timely, it would be denied on the merits for the reasons stated on the record at the Court's May 25, 2022 conference. (*See* Doc. 34). Moreover, any application for a TRO must be denied for the same reasons as described herein – it would be moot, would violate the Anti-Injunction Act, and Plaintiff is unlikely to succeed on the merits. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction.").