UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HALCYON ISAAC,

                Plaintiff,

        -against-                            **OPINION & ORDER**

MICHAEL SCHIFF, et al.,                     21-CV-11078 (PMH)

                Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Halcyon Isaac ("Plaintiff") brings this action against Sullivan County Sheriff Michael Schiff; Sullivan County Treasurer Nancy Buck; Town of Delaware Town Clerk, Tax Collector, and Registrar Tess McBeath; Town of Delaware Town Justice Erik Nystrom ("Nystrom"); and Town of Delaware Town Justice Court Clerk Sally Creegan (collectively, "Defendants"). Plaintiff's claims relate to eviction proceedings filed and held in State Court in Sullivan County, New York, to remove her from a property located at 37 Serenity Drive, Town of Delaware, NY (the "Property"). Plaintiff filed a Complaint on December 27, 2021: (i) alleging a deprivation of her constitutional due process rights, which the Court construes as a claim brought under 42 U.S.C. § 1983 ("1983"); (ii) challenging the underlying eviction; and (iii) referencing various additional inapplicable legal doctrines including relating to the sovereign citizen ideology. (Doc. 1, "Compl."). The Court previously denied Plaintiff's application for a temporary restraining order on May 25, 2022 (Doc. 34) and denied her application for a preliminary injunction and her motion for reconsideration on August 11, 2022 (Doc. 43, "Prior Order").[1]

---

[1] The Prior Order is also available through commercial databases. *Isaac v. Schiff*, No. 21-CV-11078, 2022 WL 3290679 (S.D.N.Y. Aug. 11, 2022). For ease of reference however, the Court will cite herein to the version on the public docket.

Pending presently before the Court is Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed on March 18, 2022. (Doc. 20; Doc. 21; Doc. 22, "Def. Br."). Plaintiff opposed Defendants' motion on May 6, 2022 (Doc. 27, "Opp. Br.") and the motion was fully submitted upon the filing of Defendants' reply brief (Doc. 32, "Reply").

Given the previous adjudication of Plaintiff's applications for a temporary restraining order and a preliminary injunction, the Court assumes the parties' familiarity of the facts and recites them herein only to the extent necessary to decide the motion. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## STANDARD OF REVIEW

I.  Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists." *Hettler v. Entergy Enters., Inc.*, 15 F. Supp. 3d 447, 450 (S.D.N.Y. 2014) (citing *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)). However, "[w]hen the Rule 12(b)(1) motion is facial, i.e., based solely on the allegations of the complaint . . . the plaintiff has no evidentiary burden," and "[t]he task of the district court is to determine whether the [complaint] alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Carter v. Healthport Techs., LLC*, 822 F.3d 46, 56 (2d Cir. 2016). Moreover, when deciding a rule 12(b)(1) motion, "the Court 'must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.'" *Krausz v.*

*loanDepot.com, LLC* (quoting Conyers, 558 F.3d at 143); *see also Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 274 (S.D.N.Y. 2019).

When a defendant seeks dismissal under Rule 12(b)(1) "as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)).

II.  Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53

(2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)).

However, while "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret

4

them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Defendants make six arguments in favor of dismissal: (i) Plaintiff lacks standing to bring a due process claim because she has no interest in the property at issue; (ii) Plaintiff fails to allege the personal involvement of each Defendant as required to bring a claim pursuant to § 1983; (iii) Nystrom is entitled to judicial immunity; (iv) Plaintiff's challenge of the underlying eviction is barred by the Tax Injunction Act and the *Rooker-Feldman* doctrine; (v) Plaintiff's remaining federal statutory claims fail; and (vi) Plaintiff's constitutional claims fail. (Def. Br. at 6-17).[2] The Court agrees that Plaintiff lacks standing to raise a due process claim, that she is barred from challenging the underlying eviction through an action in this Court, and that her remaining statutory and constitutional arguments fail.[3]

### I.  Due Process Standing

Plaintiff argues that the eviction at issue in the Complaint violated the due process clause of the Constitution. "Where a plaintiff sues a defendant 'to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest.'" *Antonio v. Neighborhood*

---

[2] Defendants argue separately that the Court ought to decline supplemental jurisdiction over Plaintiff's state law claims and that Plaintiff should not be granted leave to amend. (Def. Br. at 17-19).

[3] With respect to Defendants' second and third arguments, the Court agrees that Plaintiff has not sufficiently pled the personal involvement of any of the Defendants and that Nystrom is judicially immune. "To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation." *Rodriguez v. Burnett*, No. 22-CV-10056, 2023 WL 1438720, at *3 (S.D.N.Y. Feb. 1, 2023). Plaintiff's Complaint is devoid of specific allegations of each Defendants' conduct. With respect to Nystrom specifically, "Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities." *Kelsey v. Kessel*, No. 22-CV-03774, 2022 WL 3362456, at *1 (S.D.N.Y. Aug. 15, 2022). Nystrom is indisputably a judicial officer and to any extent he was involved in Plaintiff's eviction in his official capacity, he is immune from suit. Additionally and for the reasons stated herein, Plaintiff's claims fail on the merits.

*Restore Hous. Dev. Fund Corp.*, No. 19-CV-11084, 2020 WL 1812669, at *5 (S.D.N.Y. Apr. 8, 2020) (quoting *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011)). As the Court noted when it denied Plaintiff's application for a preliminary injunction, "Plaintiff not only fails to allege that she has any legally cognizable property interest in the Property, but readily admits that 'I have no ownership interest in the physical (real) property located at 37 Serenity Drive Sullivan County New York State.'" (Prior Order at 3 (quoting Doc. 27 at 3)). This admission entirely forecloses Plaintiff's due process claim. *Antonio*, 2020 WL 1812669, at *5 ("[Plaintiff] has no legal right to reside in the apartment, and therefore cannot assert a cognizable property interest in the continued occupancy of the apartment that would implicate due process."). Plaintiff has alleged no other possessory interest in the Property at issue.[4] Plaintiff's due process claim is, accordingly, dismissed.

II.   Challenge to the Eviction

To the extent Plaintiff seeks to challenge the validity of the underlying eviction, that claim fails. Plaintiff asks the Court to put a "stop to all eviction proceedings." (Compl. at 3). As discussed in the Prior Order, this Court is without authority to grant such relief. (Prior Order at 2). Defendants submit as Exhibit B to their declaration in support of the motion a foreclosure Order of the County Court of Sullivan County, dated December 19, 2019, for the Property from which Plaintiff was evicted.[5] (Doc. 21-2, "State Order"). Therein, the court "[o]rdered that all right, title and interest into the [Property] is awarded to the County of Sullivan." (State Order at 4). To stop and/or reverse the eviction at issue here would require this Court to reconsider and invalidate the State Order.

---

[4] Moreover, "even if Plaintiff had a [possessory] property interest that implicated due process concerns, the state-court eviction action provided her with an adequate remedy to challenge the eviction." *Antonio*, 2020 WL 1812669, at *5.

[5] The Court takes notice of this document because "state court decision[s] . . . [are] appropriate for judicial notice" as public records. *Williams v. New York City Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

Such an action is squarely foreclosed by the *Rooker-Feldman* doctrine, which "bars federal district courts from hearing cases that in effect are appeals from state court judgments." *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021). For *Rooker-Feldman* to apply, "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* (cleaned up). Each of these factors are met here. The State Order foreclosed the Property, an action that was adverse to Plaintiff; the foreclosure led to the eviction, which is the injury Plaintiff complains of here; Plaintiff asks this Court to reverse the eviction, which would in turn require the rejection of the State Order; and the State Order preceded the instant action. *See, e.g. Morris v. Rosen*, 577 F. App'x 41 (2d Cir. 2014) (affirming dismissal of a challenge to eviction proceedings as precluded by *Rooker-Feldman* because such an action would require review of a State Court foreclosure judgment.). Plaintiff is therefore barred from challenging the underlying eviction.[6] To the extent she raises such a claim, it is dismissed.

III.     Remaining Theories

The remainder of Plaintiff's Complaint raises incongruous legal theories: (i) the right to be free from bills of attainder (as protected by "all four Federal Constitutions"); (ii) the Eleventh Amendment (because "Americans are not subject to any foreign laws"); and (iii) Public Law 73-10 and 12 U.S.C. § 411 (statutes suspending the gold standard and authorizing the printing of

---

[6] Defendants also argue that the Tax Injunction Act ("TIA") bars suit here. The TIA "prohibits district courts from 'enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.'" *Dorce*, 2 F.4th at 96 (quoting 28 U.S.C. § 1341). Defendants do not support their position that invalidating a state court foreclosure judgment would enjoin the collection of a tax but, in any event, the Court need not consider the TIA given its disposition with respect to *Rooker-Feldman* and dismissal of Plaintiff's claim.

federal reserve notes, respectively).[7] (Compl. at 1). These principles are inapplicable to Plaintiff's eviction and unexplained in the Complaint. Plaintiff fails to relate these theories to cognizable claims for relief and "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought" *Azzarmi v. Neubauer*, No. 20-CV-09155, 2022 WL 4357865, at *4 (S.D.N.Y. Sept. 20, 2022) (quoting *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-04182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011)).

Indeed, as to these theories, "Plaintiff's complaint sounds in the familiar refrain of the so-called sovereign citizen." *Aran v. Dep't of Treasury & Internal Revenue Serv.*, No. 21-CV-04748, 2022 WL 377957, at *3 (E.D.N.Y. Feb. 8, 2022). Plaintiff, for example, argues that Congress only exercises legislative authority within the District of Columbia. (Compl. at 7). However, "[e]ven when read with the 'special solicitude' due *pro se* pleadings . . . the conspiracy and legal revisionist theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system." *Adams v. United States*, No. 19-CV-04665, 2019 WL 2491597, at *1 (S.D.N.Y. May 29, 2019). "[S]overeign citizens, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Paul v. New York*, No. 13-CV-05047, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) (cleaned up). Plaintiff's remaining federal

---

[7] Plaintiff makes numerous additional arguments in her confusing 33-page opposition to this motion. (*See, e.g.* Opp. Br. at 19 (discussing how the U.S. Coast Guard was founded at the request of Alexander Hamilton in 1790 but is now by itself the world's 12th largest naval force)). The Court, however, fails to see the import of those arguments to this case. Thus, to the extent Plaintiff's opposition brief raises additional legal theories under the sovereign citizen ideology, such theories "have been consistently rejected by federal courts as frivolous and a waste of court resources" *Santana v. United States*, No. 13-CR-00536, 2017 WL 2470834, at *2 (S.D.N.Y. June 6, 2017) (internal citation and quotation marks removed).

constitutional and statutory claims are, accordingly, dismissed.[8]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's Complaint is dismissed. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint ... leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Leave to amend is inappropriate here because "the defects in Plaintiff's complaint [are] substantive, better pleading will not cure [them,] and repleading would thus be futile." *Adams v. United States*, No. 19-CV-04665, 2019 WL 2491597, at *2 (S.D.N.Y. May 29, 2019).

The Clerk of Court is respectfully directed to: (i) terminate the motion sequence pending at Doc. 20; (ii) mail a copy of this Order to Plaintiff; and (iii) close this case.

SO ORDERED:

Dated: White Plains, New York
February 16, 2023

_____
Philip M. Halpern
United States District Judge

---

[8] To the extent Plaintiff's Complaint can be read to include claims for relief brought under State law, the Court declines to exercise supplemental jurisdiction over those claims. *See, e.g., McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) ("Of course, a district court may decline to exercise supplemental jurisdiction over state and local law claims if it has dismissed all claims over which it has original jurisdiction.").